IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC SANDOVAL,

    Plaintiff,

v.   No. 23cv356 KK/SCY

PNC BANK, N.A.,

    Defendant.

**ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court sua sponte. On April 26, 2023, Defendant removed this case from state court to federal court. Doc. 1. The Notice of Removal asserts federal question jurisdiction. *Id.* ¶ 5. "Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). Even "[i]f the parties do not raise the question" themselves, it is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "[A] federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The

plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

Plaintiff's complaint lacks a statement of the cause of action. The relevant allegations consist of one paragraph:

> The Defendant PNC Bank has caused the plaintiff significant financial hardship, struggle, and loss of work due to their predatory lending and servicing practices on the mortgage for 1308 Stoneway NW Albuquerque, NM 87120.(Account# [redacted]) Despite having paid the entire mortgage balance and having automatic payments set up, PNC Bank engaged in unethical practices and referred the plaintiff to collections, which had a negative impact on their credit score. As this individual's livelihood depends on maintaining good credit, this situation is unacceptable and the plaintiff now has to damages and fees to correct the damages caused by PNC Bank.

Doc. 1-1 at 4 [sic, generally].

As grounds for federal question jurisdiction, the Notice of Removal alleges that "Plaintiff's cause of action arising from PNC's credit reporting or furnishing is governed by the Fair Credit Reporting Act violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1681 et seq." Doc. 1 ¶ 5. The Notice of Removal does not further explain this contention. Plaintiff does not cite these federal laws in the complaint. The Notice of Removal does not explain why Plaintiff's claim *necessarily* depends on resolution of federal issues, as opposed to (for example) a state consumer protection law.

A complaint that "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Kumar v. ChaseBank, N.A.*, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal

question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added). A plaintiff is permitted to invoke state law only, even if federal law contains an equally viable cause of action based on the facts. *Firstenberg*, 696 F.3d at 1023.

The Court is sympathetic to the situation of a defendant served with an ambiguous complaint and allegations which *could* arise under federal law. However, "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Federal-question jurisdiction must be established before this case may proceed in federal court.

Therefore, the Court will permit Plaintiff to file an amended complaint clarifying whether the case is brought under federal or state law. Plaintiff shall file this amended complaint, if he chooses to do so, no later than **May 23, 2023.** Defendant's response to this order to show case, regardless of whether Plaintiff files an amended complaint, is due **June 6, 2023**. These deadlines may be extended by agreement of the parties or separate court order. Defendant is notified that failure to file a response may result in this case being remanded to state court.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE